**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10568 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00143-SRB-5 |
| v. | |
| HEILER OSIEL BARRIONUEVO-ROBLERO, AKA Cesar Bartolon-Gonzalez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco, California

Before: M. SMITH, NGUYEN, and FRIEDLAND, Circuit Judges.

Heiler Barrionuevo-Roblero was convicted of conspiracy to harbor and

transport illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), and (v)(I), and harboring

illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii) and (a)(1)(B)(ii).  He appeals his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sentence of 42 months followed by three years of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We vacate the sentence and remand for resentencing.

Assuming, without deciding, that *United States v. Leal-Del Carmen*, 697 F.3d 964, 969-70 (9th Cir. 2012), applies in the sentencing context, the district court properly found that Barrionuevo-Roblero failed to show that the government's deportation of witnesses was done in bad faith, or prejudiced him. *See id.*

Reviewing for clear error, *see United States v. Hernandez-Franco*, 189 F.3d 1151, 1159-60 (9th Cir. 1999), the district court properly enhanced the offense level by two points under U.S. Sentencing Guidelines Manual § 2L1.1(b)(6) (2014), *see id.* cmt. n. 5, and properly applied a preponderance of the evidence standard because the facts supporting the enhancement were based on the nature and extent of the charged offenses. *See United States v. Johansson*, 249 F.3d 848, 855 (9th Cir. 2001). Furthermore, the district court properly refused to grant a minor role reduction because Barrionuevo-Roblero was not "substantially less culpable than the average participant" in the offense, *see* U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(A) (2014).

However, the district court's finding that Barrionuevo-Roblero was a "manager or supervisor" under § 3B1.1(b) of the Sentencing Guidelines was clearly erroneous because there was no evidence in the record that Barrionuevo-Roblero was the "manager . . . or supervisor of one or more other *participants*" in the charged offenses. *See* U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.2 (2014) (emphasis added); *see also id.* n.1 (defining "participant" as "a person who is criminally responsible for the commission of the offense"); *United States v. Whitney*, 673 F.3d 965, 975 n.6 (9th Cir. 2012). Additionally, the government impermissibly declined to move for a third-level reduction in total offense level pursuant to § 3E1.1(b) of the Sentencing Guidelines because it did not challenge the reduction under § 3E1.1(a), and did not provide a reason for declining to move for the third point that was tied to the preservation of trial resources. *See* U.S. Sentencing Guidelines Manual app. C, amend. 775 (2014).

Since we are remanding for resentencing for the reasons set forth above, we need not reach the issue of whether the sentence was substantively unreasonable. *United States v. Forrester*, 616 F.3d 929, 950 (9th Cir. 2010).

**VACATED AND REMANDED.**